**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Inc., | No. CV-12-1658-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Nadir Soofi; Cleopatra Bistro Pizza LLC, | |
| Defendants. | |

The court has before it plaintiff's motion for entry of default judgment (doc. 20). When considering a motion for default judgment we take a complaint's well-pled allegations regarding liability as true. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff was granted the exclusive commercial right to distribute the *Ultimate Fighting Championship 133: Rashad Evans v. Tito Ortiz* telecast on August 6, 2011 ("the Program"). Defendant Soofi operates Cleopatra Bistro Pizza, a Phoenix restaurant with a capacity of approximately 40 to 50 people. Cleopatra Bistro Pizza displayed the Program on one television to between 5 and 9 patrons.[1] There was no cover charge to enter.

Plaintiff's complaint seeks relief under three counts: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion (doc. 1). Default was entered by the

---

[1] Plaintiff incorrectly asserts that the Program was broadcast on one television to 50 patrons. Motion at 9. The investigator's affidavit, however, indicates that 3 separate head counts were taken showing only 7, 5, or 9 patrons in the establishment at any one time. Affidavit at 3.

1  Clerk on February 4, 2013 (doc. 17). Defendants have not moved to set aside the default, and
2  have not otherwise appeared.

3       Under 47 U.S.C. § 605, plaintiff must show that (1) defendant intercepted and (2)
4  "divulged or published . . . a communication transmitted by" plaintiff. <u>Nat'l Subscription TV
5  v. S & H TV</u>, 644 F.2d 820, 826 (9th Cir. 1981). Under § 605, a plaintiff can recover either
6  actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). Statutory damages are available "in
7  a sum of not less than $1,000 or more than $10,000" for each violation "as the court
8  considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). To determine an appropriate award, we will
9  balance the need to deter future illegal conduct against the harm that will result to the
10 defendant's business if significant damages are assessed. See <u>Kingvision Pay-Per-View Ltd.
11 v. Lake Alice Bar</u>, 168 F.3d 347, 350 (9th Cir. 1999).

12       Damages may be increased by up to $100,000 per violation if the defendant
13 intercepted and published the communication "willfully and for purposes of direct or indirect
14 commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). When
15 deciding whether to award enhanced damages, courts consider a variety of factors, including
16 "prior infringements, substantial unlawful monetary gains, significant actual damages to the
17 plaintiff, the defendant's advertising of the broadcast, and the defendant's charging a cover
18 charge or premiums for food and drinks during the broadcast." <u>Kingvision Pay-Per-View,
19 Ltd. v. Guzman</u>, CV-07-0963-PHX-PGR, 2008 WL 1924988, at *3 (D. Ariz. Apr. 30, 2008).

20       Defendants admit by defaulting that they published the Program to customers without
21 a license, and did so "willfully and for purposes of direct and/or indirect commercial
22 advantage and/or private financial gain." <u>Compl.</u> ¶ 20.[2] We conclude that based on the size
23 of the establishment and the number of patrons present a statutory damages award of $2,000
24 is appropriate.

25       However, plaintiff's request for enhanced damages of $100,000 is "manifestly

---

[2] Because defendant defaulted, plaintiff cannot determine what type of signal transmission was used and asks for recovery under 47 U.S.C. § 605 only, as well as its claim for conversion. <u>Motion</u> at 3.

excessive." See Joe Hand Promotions, Inc. v. Streshly, 655 F. Supp. 2d 1136, 1139 (S. D. Cal 2009) (stating that the court will "not indulge Plaintiff's attempt to obtain the biggest judgment it can by filing cookie-cutter pleadings"). Here, there is no evidence that plaintiff incurred significant damages, nor is there evidence that defendants achieved commercial advantage or private financial gain from broadcasting the Program. There is no evidence that defendants advertised the broadcast of the Program, collected a cover charge upon entry, or charged a premium for food or drinks. The Program was displayed to at most 9 people on one television.

Nevertheless, plaintiff has submitted evidence demonstrating that defendants are repeat offenders. Default judgment was entered against these defendants in a separate action alleging that they had improperly intercepted a different proprietary program. See G & G Closed Circuit Events LLC v. Soofi, et al., CV-12-1282-PHX-PGR (D. Ariz. Jan. 16, 2013) (entering default judgment in the amount of $2,001). Therefore, under the facts of this case, we conclude that an enhanced damages award of $6,000 is reasonable. A total damages award of $8,000 will both compensate plaintiff and act as a deterrent against future violations.

Plaintiff requests an award of $900 on its conversion claim. However, it presents no argument or evidence to support this request. We decline to award any additional damages on the conversion claim.

Finally, plaintiff requests an award of its costs and attorney's fees. Plaintiff may file a bill of costs in accordance with LRCiv 54.1 and Rule 54(d)(1), Fed. R. Civ. P., and a motion for attorney's fees pursuant to Rule 54(d)(2), Fed. R. Civ. P. We will rule on a motion for attorney's fees if and when one is before us.

**IT IS ORDERED GRANTING** plaintiff's motion for default judgment (doc. 20). The Clerk shall enter judgment in favor of plaintiff and against defendants in the amount of $8,000.

DATED this 15th day of April, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge